IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-322-FL-2
NO. 5:16-CV-354-FL

| | |
|---|---|
| JOSEPH OSCAR PRICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 118), which challenges petitioner's conviction for possessing a firearm in furtherance of a crime of violence in light of the United States Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019). The matter also is before the court on respondent's motion to dismiss (DE 178), which was briefed fully. For the reasons that follow, the court grants respondent's motion to dismiss, and denies petitioner's motion to vacate.

## BACKGROUND

On February 3, 2010, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count one); Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count two); brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (count three); and attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count four). On December 15, 2010, the court sentenced petitioner to concurrent terms of 124 months' imprisonment on counts one, two,

and four, and a consecutive term of 84 months' imprisonment on count three, producing an aggregate custodial sentence of 208 months. Petitioner appealed his judgment of conviction. On November 21, 2011, the United States Court of Appeals for the Fourth Circuit granted petitioner's unopposed motion to remand for resentencing due to an error in petitioner's Guidelines range. The court held petitioner's resentencing hearing on February 2, 2012, and imposed revised sentence consisting of concurrent terms of 93 months' imprisonment on counts one, two, and four, and a consecutive term of 84 months' imprisonment on count three.

On June 9, 2016, petitioner filed the instant motion to vacate, set aside, or correct sentence, asserting that his § 924(c) conviction should be vacated in light of <u>Johnson</u>. On September 1, 2016, respondent moved to stay the § 2255 proceedings pending the Fourth Circuit's resolution of <u>United States v. Simms</u>, 914 F.3d 229 (4th Cir. 2019). The court granted the motion to stay that same day. The Fourth Circuit decided <u>Simms</u> on January 24, 2019, but stayed the mandate pending the Supreme Court's decision in <u>United States v. Davis</u>, No. 18-431. The Supreme Court decided <u>Davis</u> on June 24, 2019.

On July 19, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of <u>Simms</u> and <u>Davis</u> on petitioner's claim. Petitioner filed supplemental brief on August 19, 2019. Respondent filed the instant motion to dismiss on September 17, 2019, arguing petitioner's motion to vacate should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 30, 2019, petitioner responded in opposition.

2

# DISCUSSION

A. Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B. Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of brandishing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum punishment of seven years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

3

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237. The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A) (the force clause), his conviction remains valid. See United States v. Mathis, 932 F.3d 242, 263-64 (4th Cir. 2019).

Petitioner's predicate offense is Hobbs Act robbery in violation of 18 U.S.C. § 1951, and the Fourth Circuit has held that this offense qualifies as a crime of violence under § 924(c)'s force clause. See id. at 265-66 (holding "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."). Accordingly, petitioner's § 924(c) conviction remains valid, notwithstanding Davis and Simms.

Petitioner also argues that his § 924(c) conviction is invalid where his substantive Hobbs Act robbery convictions were "grouped" with his conspiracy conviction on count one for purposes of determining his advisory Guidelines range. As noted by petitioner, if his predicate conviction for the § 924(c) conviction is conspiracy to commit Hobbs Act robbery, as opposed to substantive Hobbs Act robbery, the conviction would be invalid because conspiracy to commit Hobbs Act robbery is not a crime of violence under the force clause. See Simms, 914 F.3d at 233-34.

To the extent petitioner suggests that the grouping caused ambiguity with respect to which underlying predicate conviction supports petitioner's § 924(c) conviction, the court discerns no ambiguity. The indictment clearly alleges petitioner used and carried a firearm during and in relation to substantive Hobbs Act robbery as charged in count two of the indictment. (DE 7 at 3-4). Petitioner's plea agreement also makes clear that he pleaded guilty to using and carrying a

4

firearm during substantive Hobbs Act robbery. (DE 30 ¶ 3). Accordingly, the grouping of the predicate offense with another offense at sentencing does not affect the validity of petitioner's stand-alone § 924(c) conviction.[1]

C.  Certificate of Appealability

Having determined that petitioner is not entitled to relief, the court turns to whether a certificate of appealability should issue. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion to dismiss (DE 178) and DENIES petitioner's motion to vacate (DE 118). A certificate of appealability is DENIED. The clerk is directed to close the instant § 2255 proceedings.

SO ORDERED, this the 2nd day of November, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1]  Furthermore, the grouping procedure is used to determine petitioner's Guidelines range. See U.S.S.G. § 3D1.1. To the extent petitioner is asserting a Guidelines error, the claim is not cognizable on collateral review. See United States v. Foote, 784 F.3d 931, 942-43 (4th Cir. 2015).